**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Caprice Mallett,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-23-02307-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiff's Attorney John Phillips' ("Phillips") Motion for Attorney Fees Under 42 U.S.C. § 406(b) and his Memorandum in support thereof. (Doc. 16.) The Commissioner of the Social Security Administration ("Commissioner") filed a response indicating that it "neither supports nor opposes counsel's request for attorney's fees." (Doc. 17 at 2.) The Court will grant Plaintiff's Attorney's Motion.

**I.     BACKGROUND**

The Commissioner initially denied Plaintiff Caprice Mallett ("Mallett") Disability Insurance Benefits, and she sought judicial review of that decision in this Court. (Doc. 1 at 1.) The Commissioner then admitted that remand for further administrative proceedings was needed (Doc. 5 at 2), and the Court granted the parties' Stipulated Motion for Remand (Doc. 10). The Clerk entered judgment in favor of Mallett and remanded the case to the Social Security Administration ("SSA"). (Doc. 11.) The Court also granted the parties' Stipulation for Award and Payment of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $807.25. (Doc. 14.)

On remand, the SSA found that Mallett was entitled to disability benefits beginning in December 2017. (Doc. 16-1 at 1.) In its Notice of Award, the SSA notified Mallett that it withheld $44,807.68 to pay attorney fees. (*Id.* at 2 ("We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee.")) Phillips now asks the Court to direct the Commissioner to award him $5,000, minus the previously awarded EAJA fee of $807.25, for a total award of $4,192.75 pursuant to 42 U.S.C. § 406(b). (Doc. 16 at 13.)

## II. LEGAL STANDARD

When a court renders a favorable judgment to a Social Security claimant represented by an attorney, the court may determine a reasonable fee for the representation, provided that fee is not more than 25 percent of the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). A court gives primacy to a contingent-fee agreement between the claimant and her attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court then determines reasonableness based on the character of the representation and the results achieved. *Id.* at 808; *Crawford v. Astrue*, 586 F.3d 1142, 1149, 1151 (9th Cir. 2009). A court can adjust downward if "the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

The SSA has no direct interest in how much of the award goes to counsel, so district courts have an affirmative duty to determine whether the fee is reasonable. *Id.* at 1149. If a claimant's attorney receives fees under both EAJA and § 406(b), the claimant's attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

## III. DISCUSSION

The Court finds that the requested $5,000 fee is reasonable under the *Gisbrecht* factors. Under their contingent-fee agreement, Mallett agreed to pay 25 percent of all past-due benefits awarded to her, which would be $44,807.68 if enforced. (Doc. 16-2 at 1.) Phillips requests a substantially lower $5,000 fee, only 2.8 percent of the total award.[*]

---

[*] While the Notice of Award does not provide the total amount of past-due benefits awarded to Mallett, the Court infers that withholding $44,807.68 as 25 percent of the total results in an award of $179,230.72 ($44,807.68*4). *Maske v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04891-PHX-DWL, 2026 WL 2424858, at *1 (D. Ariz. Jan. 29, 2026) ("In the Court's experience, the amount withheld is consistently 25% of the total amount.").

(Doc. 16 at 13.) Philips' itemization of services indicates that he spent 3.3 hours rendering services to Mallett, resulting in a request for $1,515.15 per hour ($5,000/3.3). This is at "the high end of acceptable rates" in the District of Arizona, but is still "within the range of reasonableness." *Williams v. Comm'r of Soc. Sec. Admin*, No. CV-20-00136-PHX-JAT, 2025 WL 1342821, at *2 (D. Ariz. May 8, 2025) (holding that a hourly rate of $1,482.05 was reasonable); *see also Roegner v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01974-PHX-DLR, 2024 WL 5106647, at *1 (D. Ariz. Dec. 13, 2024) (holding that a hourly rate of $1,912.35 was reasonable); *McCabe v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00192-PHX-DLR, 2025 WL 460744, at *1 (D. Ariz. Feb. 11, 2025) (holding that a hourly rate of $1,513.51 was reasonable).

The record gives no indication of substandard representation or delay on behalf of Phillips. *Crawford*, 586 F.3d at 1151. A $5,000 award would also not result in a windfall. *Id.* Phillips was also able to achieve the results that Mallett requested, namely that the Commissioner awarded the requested disability benefits. *Gisbrecht*, 535 U.S. at 808. Considering the *Gisbrecht* reasonableness factors, the Court finds that a $5,000 fee award is reasonable and will approve the award in this amount.

Because he also received an EAJA award, Phillips must "refund to the claimant the amount of the smaller fee." *Id.* at 796. Instead of refunding the smaller EAJA award, Phillips asks the Court to "credit" the $807.25 EAJA fee and direct the Commissioner to send him $4,192.75. (Doc. 16 at 13.) Mallett would presumably receive her EAJA refund in the remainder of what the Commissioner has withheld. But *Gisbrecht* directs *the claimant's attorney* to refund the smaller fee award; the Commissioner cannot do it for him. *See* 535 U.S. at 796. While it would result in the same awards to the parties involved, the Court must therefore deny Phillips' request.

**IT IS THEREFORE ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b), (Doc. 16), is **GRANTED** in the amount of $5,000.

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff's counsel must, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the EAJA in the amount of $807.25.

Dated this 17th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge